UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE McGAFF,

         Plaintiff,

    v.

AETNA, BALLY TECHNOLOGIES,
and DOES 1 to 100,

         Defendants.

         NO. CIV. S-10-1467 LKK/EFB

O R D E R

/

This case concerns the denial of plaintiff Mike McGaff's application for total disability benefits under a defendant Bally Technologies' employment benefit plan. On June 14, 2010, plaintiff filed suit against defendants Bally Technologies, a Nevada corporation, and Aetna, a Connecticut corporation, as a result of Aetna's denial of benefits to plaintiff under Bally's employment benefit plan (the "plan").

On June 21, 2010, plaintiff filed his first amended complaint ("FAC"). On November 12, 2010, defendants filed a motion to transfer the instant action to the District of Nevada pursuant to

28 U.S.C. § 1404(a). On December 3, 2010, plaintiff filed his opposition to defendants' motion. The court resolves the motion to transfer on the papers. For the reasons stated below, the motion to transfer venue is granted, and this action is transferred to the District of Nevada - Reno.

## I. BACKGROUND

Plaintiff was hired by defendant Bally Technologies ("Bally") to work as a computer engineer in Nevada and participated in an employment benefit plan that Bally provided to its employees. Defs.' Mot. at 2. In January 2009, plaintiff allegedly expressed a wish to cease work and apply for disability benefits to Janet Presswooed, a Bally employee, who assured him that he would be notified if his position were to be eliminated so that he could apply for disability benefits prior to the termination of his employment. FAC ¶ 12. As of March 2009, plaintiff claims he was unable to work "more than a little time each day" due to various disabling conditions. FAC ¶ 13. On April 3, 2009, Bally terminated plaintiff's employment. Subsequently, plaintiff applied to Aetna for disability benefits and was denied on the grounds that he applied for benefits after he was terminated and no longer covered under the plan. FAC ¶ 13-14. "Plaintiff lived and worked in Nevada at all relevant times." Defs.' Mot. at 3.

## II. STANDARD

Under § 1404(a), the Court may transfer an action to another district: (1) for the convenience of the parties, (2) for the convenience of the witnesses, and (3) in the interest of justice

provided that the action might have been brought in the transferee court. The district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 30 (1988)); see Westinghouse Elec. Corp. v. Weigel, 426 F.2d 1356, 1358 (9th Cir. 1970).

Transfer is discretionary but is governed by certain factors specified in the statute and in relevant case law. Commodity Futures Trading Com. v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). An action may not be transferred to a district where venue would have been improper if it had originally been filed there. Once the Court determines that venue would be proper in the transferee district, it must determine whether the action should be transferred to that district.

In deciding whether to transfer on grounds of convenience and in the interest of justice, the court considers the following eight factors, where relevant: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the cost of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of

access to sources of proof. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer. Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979); see also Los Angeles Memorial Coliseum Comm. v. National Football League, 89 F.R.D. 497, 499 (C.D. Cal. 1981) aff'd, 726 F.2d 1381, 1399 (9th Cir. 1984). It is not enough for defendant merely to show that it prefers another forum nor will transfer be allowed if the result is merely to shift the inconvenience from one party to another. Van Dusen v. Barrack, 376 U.S. 612, 645-46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

### III. ANALYSIS

Plaintiff does not deny defendants' contention that the action could have been brought in the District of Nevada and defendants' showing in this regard is sufficient. See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F. Supp. 503, 506 (C.D. Cal. 1992) (moving party must establish that the action might have been brought in the transferee district). Accordingly, the court's inquiry will focus on the plaintiff's choice of forum, convenience of the parties, convenience of the witnesses, the interests of justice, and the ease of the access to proof.

    **A.   Factors to Consider**

        **1.   Plaintiff's Choice of Forum**

Defendants argue that, although courts should give a plaintiff's choice of forum weight in deciding whether transfer is

4

1  appropriate, plaintiff's choice of forum should be accorded little
2  deference in the instant case because the plaintiff does not reside
3  in the chosen forum nor does the forum have any significant
4  connection to the "activities alleged in the complaint." Defs.'
5  Mem. at 3. The court agrees.

6  Although a plaintiff's choice of forum is generally granted
7  great weight, Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987),
8  courts substantially reduce their deference to a plaintiff's choice
9  of forum when the plaintiff does not reside in the forum. See
10 Schwarzer et al., Federal Civil Procedure Before Trial § 4:761
11 (2009) (citing New Image, Inc. v. Travelers Indem. Co., 536 F.Supp.
12 58, 59 (E.D. Pa. 1981); Bryant v. ITT Corp., 48 F.Supp.2d 829, 832
13 (N.D. Ill. 1999)); see also Owner-Operator Indep. Drivers Ass'n,
14 Inc. v. C.R. England, Inc., No. CV F 02-5664 AWI SMS, 2002 WL
15 32831640 (E.D. Cal. Aug. 19, 2002) (finding that deference to
16 plaintiff's choice of forum is diminished where plaintiff does not
17 reside in chosen forum and none of the events alleged in the
18 complaint occurred there).

19 Plaintiff's current state of residence is Texas. Pl.'s Opp.
20 at 2. Further, plaintiff does not dispute that, during the relevant
21 times, plaintiff lived and worked in Nevada. Thus, plaintiff's
22 choice of forum is given little weight.

23    **2.   Where the Relevant Agreements Were Negotiated and**
24         **Executed**

25 Defendant provided the employment benefit plan in which
26 plaintiff participated to its employees in the state of Nevada.

5

Defs.' Mem. at 2. There is no information regarding plaintiff's location at the time he applied for benefits or at the time his claim was denied. Plaintiff claims that Aetna denied the claim in California, Pl.'s Opp. at 2, and provides two denial letters from Aetna as proof of that claim. Doc. No. 23-2 ("Exhibit 1"). However, both of those letters were sent from Kentucky and addressed either to plaintiff's counsel or in "care of" plaintiff's counsel. The first letter was sent to Sacramento, CA, Exhibit 1 at 2, and the second was sent to Reno, NV, Exhibit 1 at 4. These letters provide no indication that the claim was denied in California or that plaintiff was in California at the time he applied for or was denied benefits. Further, plaintiff does not dispute that, during the relevant times in the complaint, he was a resident of Nevada. Therefore, this factor weighs slightly in favor of transferring the case to Nevada.

### 3. The State That Is Most Familiar With the Governing Law

Plaintiffs' first and fourth causes of action are for breach of contract and breach of the duty of good faith and fair dealing respectively. Plaintiff does not specify under what state's law he seeks to bring his first and fourth causes of action. However, it appears likely that Nevada law would apply. District courts in Nevada are more familiar with Nevada law than district courts in other states.[1] Accordingly, this factor weighs in favor of transfer

---

[1] Plaintiff's second and third causes of action allege interference with plaintiff's rights under ERISA in violation of

6

to Nevada.

### 4. The Respective Parties' Contacts With the Forum and the Contacts Relating to the Plaintiff's Causes of Action in the Chosen Forum

Plaintiff was residing in Nevada at the time he was working for Bally and began to participate in the employee benefit plan. As previously stated, neither party has provided any information regarding plaintiff's location at the time he applied for or was denied benefits. Plaintiff worked for Bally in Nevada, spoke with Bally employees regarding his wish to apply for disability benefits in Nevada, and was terminated in Nevada. Bally is a Nevada corporation and has its principal place of business in Nevada. Aetna is a Connecticut corporation and created the employee benefit plan that Bally provided its employees in Nevada. Both defendants have done business in both Nevada and California. It appears to the court based on the information provided by the parties, that the majority of the parties' contacts are with Nevada and not California. Further, the court does not see any meaningful contacts with the Eastern District of California relative to Plaintiffs' claims. Therefore, these factors weigh in favor of transfer.

### 5. The differences in the costs of litigation in the two forums/Relative court congestion

It is unknown what the differences in costs of litigation

---

29 U.S.C. § 1140 (Section 510 discrimination) and seek an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1). These are federal claims that either district court should be equally able to decide.

7

would be between the Eastern District of California or the District of Nevada. In terms of court congestion, however, the Eastern District has a congested docket. As of March 2009, the Eastern District had 6856 civil cases pending while the District of Nevada had 3078 civil cases pending.[2] See Federal Judicial Caseload Statistics 2008-2009, Table C at p. 44;[3] see also Western Oilfields Supply Co. v. Goodwin, No. 1:07-CV-1863, 2009 WL 161068, *3-4 (E.D. Cal. Jan. 22, 2009). This factor weighs in favor of transfer.

### 6. The Availability of Compulsory Process to Compel Attendance of Unwilling Nonparty Witnesses/Convenience of Witnesses

To show inconvenience to witnesses, the moving party should state the witnesses' identities, locations, and content and relevance of their testimony. See Florens Container v. Cho Yang Shipping, 245 F. Supp. 2d 1086, 1092-93 (N.D. Cal. 2002). Defendant identifies at least five party-affiliated potential witnesses who are expected to testify that reside in Nevada. Defendant specifies that these witnesses include Bally employees that have knowledge of the reason for plaintiff's termination. Defs.' Mem. at 4; see Exhibit A, Cooper Decl., ¶ 7. Further, as defendants assert,

---

[2] The Eastern District of California has 12 District Judges, both senior and active. The District of Nevada has 10 District Judges, both senior and active.

[3] This table may be found at the United States Courts website: http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics/2009/tables/C00Mar09.pdf.

8

plaintiff indicated in his status conference statement, Doc. No. 17, that he intends to conduct "written and oral discovery with employees of Bally to gain information to support his claims." Defendant asserts those witnesses are located in Nevada. Defs.' Mem. at 4. Defendant argues that it would be burdensome, expensive, and inconvenient for these seven Nevada witnesses to travel to California for trial. Exhibit A, Cooper Decl., ¶ 8.  In contrast, Plaintiffs do not identify any witnesses who are located in California or would find California to be a more convenient forum.

Moreover, it appears that this court cannot exercise jurisdiction over the five witnesses identified by Defendant because they all reside in Nevada. The Nevada District Court, however, would have the ability to exercise jurisdiction over these same witnesses and compel their attendance. Because all of the witnesses identified by Defendant are located in Nevada, and given this court's lack of jurisdiction over these witnesses, this factor weighs in favor of transfer.

### 7. The ease of access to sources of proof

Defendant indicates that Nevada will provide the parties with greater ease of access to sources of proof, such as Bally's employment records and the witnesses themselves. Defs.' Mem. at 4; see Exhibit A, Cooper Decl., ¶ 8(c). Plaintiff argues that this action should require only two to four depositions and that location is irrelevant for purposes of paper discovery. Neither party goes into sufficient detail regarding the sources of proof and there is no explanation as to the quantity of proof. The Court

9

1  will regard this factor as neutral.

## IV. CONCLUSION

For the foregoing reasons, the court finds that a transfer of the litigation to the District of Nevada suits the interests of justice, and the convenience of the parties and witnesses. The court GRANTS defendant's motion to transfer (ECF No. 19) and TRANSFERS this action to the District of Nevada - Reno, under 28 U.S.C. § 1404(a). The Clerk of Court is instructed to close this case.

IT IS SO ORDERED.

DATED: December 20, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT